IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

        Plaintiff,

vs.                                                                  Civ. No. 10-CV-00004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

        Defendants.

## PLAINTIFF HERMAN J. CHAVEZ'S MOTION IN LIMINE TO EXCLUDE OPINIONS OF DR. CHARLES BAIN AS INADMISSIBILE UNDER THE RULES OF EVIDENCE AND DAUBERT

Plaintiff Herman J. Chavez (Chavez), by and through his attorneys Gaddy, Jaramillo, Touchet, respectfully moves this Court pursuant to the Federal Rules of Evidence and *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), to exclude the opinions of Dr. Charles Bain, an expert witness hired by Defendants Steve M. Stamper and Marten Transport, Ltd. The motion is opposed. In support of said motion Plaintiff Chavez states:

### I. Introduction

This case concerns a construction zone accident that occurred on December 8, 2006, involving a Marten Transport tractor trailer driven by Defendant Stamper and a concrete cutting machine operated by Plaintiff Chavez. Defendants disclosed Dr. Bain as an expert that "will testify regarding his findings and his opinion of Plaintiff's injures and liability regarding the incident of December 8, 2006." *Doc. 89.* However, in his February 14, 2011 report, Dr. Bain

1

states opinions that are irrelevant, unreliable, and will not aid the trier of fact in resolving the factual issues in this matter. His testimony should therefore be excluded.

## II. Legal Standard

Federal Rule of Evidence 702 imposes a special gatekeeping obligation on the Court to ensure that expert testimony is not admitted at trial unless it is both relevant and reliable. *See Daubert v. Merrell-Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). The purpose of *Daubert* gatekeeping is "to undertake whatever inquiry is necessary to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Smith v. Ingersoll-Rand Co.,* 214 F.3d 1235, 1243 (10th Cir.2000) (quoting *Kumho Tire,* 526 U.S. at 152). Thus, "[t]he court must not only decide whether the expert is qualified to testify, but whether the opinion testimony is the product of a reliable methodology. Daubert requires the Court to scrutinize the proffered expert's reasoning to determine if that reasoning is sound." *Vondrak v. City of Las Cruces*, 2009 U.S. Dist. LEXIS 94618, *17 (D.N.M. Aug. 25, 2009) (Browning, J.).

The *Daubert* Court explained that "the adjective 'scientific' implies a grounding in the methods and procedure of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert,* 509 U.S. at 590. It set forth four non-exhaustive criteria for determining whether expert testimony is based on reliable scientific knowledge: (1) whether the theory can and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error

associated with the theory; and (4) whether the theory of methodology employed is generally accepted in the field. *Id.* at 593-95.

Further, the Court must also consider "whether the witness' conclusion represents an 'unfounded extrapolation' from the data; whether the witness has adequately accounted for alternative explanations for the effect at issue; whether the opinion was reached for the purposes of litigation or as the result of independent studies; or whether it unduly relies on anecdotal evidence." *Vondrak*, 2009 U.S. Dist. LEXIS 94618, *22 (citation omitted).

### III. Dr. Bain's Causation Opinions are Irrelevant and Unreliable

Dr. Bain opines that Plaintiff Chavez "blames the truck driver for an event that he himself caused." *Exhibit 1, February 14, 2011 Report, p. 7.* This opinion is irrelevant and wholly unreliable. The person Plaintiff Chavez "blames" is of no relevance to Dr. Bain's supposedly scientific opinions. Courts have allowed accident reconstruction experts to testify to facts from which they claim to be able to give an accurate representation of the sequence of events immediately preceding an accident. *See Brandt v. French,* 638 F.2d 209, 211 (10th Cir.1981). These facts include: "vehicle mass; direction of skid marks; dimensions of vehicles involved; dents, breaks and paint transfers of vehicles; road surface textures; and physics principles of mechanics such as inertia, velocity, coefficients of friction, and operating characteristics of vehicles." *Id.* However, "scientists whose conviction about the ultimate conclusion of their research is so firm that they are willing to aver under oath that it is correct prior to performing the necessary validating tests could properly be viewed by the district court as lacking the objectivity that is the hallmark of the scientific method." *Vondrak*, 2009 U.S. Dist. LEXIS 94618, *24 (citation omitted). Dr. Bain's accident causation opinion falls into the latter category.

Dr. Bain's opinion certainly reflects his conviction that Plaintiff Chavez caused the accident; however, while he claims to have reconstructed the accident, he admits that he did not prepare a diagram, go to the scene, or inspect the tractor-trailer. *Exhibit 2, Deposition of Dr. Bain, 16:4-12*. The only evidence he relies upon for his conclusions is photographic. *Id. 96:23-97:12*. While *Daubert's* focus is undoubtedly on methodology, "an expert's conclusions are not immune from scrutiny . . . and the court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Vondrak*, 2009 U.S. Dist. LEXIS 94618, *22 (citation omitted). Dr. Bain has never operated a concrete cutting machine, has not inspected an exemplar of the machine operated by Plaintiff Chavez, and does not even know if it can go backwards while making a cut. *Exhibit 2, Deposition of Dr. Bain, 80:13-81:8*. Nonetheless, he specifically opines that Plaintiff Chavez backed the machine into Defendant Stamper's truck "resulting in the handle of the saw puncturing the fiberglass component of the Peterbilt." *Exhibit 1, February 14, 2011 Report, p.5*. Dr. Bain cannot, however, say which handle of the saw punctured the fiberglass, *Exhibit 2, Deposition of Dr. Bain, 88:1-8*, as he has never inspected the actual handlebars. *Id. 92:23-24*. Dr. Bain's accident causation opinion is speculative, conclusory, and improperly attempts to state a legal conclusion by applying law to facts he merely presumes to be true. *See A.E. By and Through Evans v. Independent School Dist. No. 25. of Adair County. Oki.*, 936 F.2d 472, 476 (10th Cir. 1991) ("[A]n expert may not state legal conclusions drawn by applying the law to the facts."). This opinion must be excluded.

Dr. Bain again puts the cart before the horse when he opines that "any injuries that Mr. Chavez sustained would have been muscle strains resulting from his exertional efforts." *Exhibit 1, February 14, 2011 Report, p.5*. Although Dr. Bain included this extremely broad conclusory opinion as to the cause of Plaintiff Chavez's injuries in his February 14, 2011 report, he admits

4

that he did not even review the MRI of Plaintiff Chavez's lumbar and cervical spine, taken subsequent to the December 2006 accident, until the morning of his deposition on June 7, 2011. *Exhibit 2, Deposition of Dr. Bain, 45:5-9.* In fact, the section of his report dealing with the biomechanics of degenerative disc disease, his alternative theory of injury causation, was not even generated for this case, and was instead inserted from another document into his report. *See id. 61:13-62:11.* Dr. Bain's opinion on injury causation should also be excluded.

Dr. Bain further opines that because "Mr. Chavez' symptoms have not changed since his neck surgery…it begs the question was the surgery actually needed," and that "Mr. Chavez has inconsistencies in his legal and medical documents regarding subject event and his past medical condition." *Exhibit 1, February 14, 2011 Report, p.7.* These opinions are totally irrelevant to the case. Whether something "begs the question" will not help the trier of fact resolve any of the issues in this case, and the ambiguous nature of the statement is more than revealing as to the relevance and value of said opinion. Dr. Bain likewise failed to explain how any alleged inconsistencies pertain to his opinions or the issues in the case.

**IV. <u>Conclusion</u>**

Instead of diligently analyzing the facts of this case and applying reliable science and methodology, Dr. Bain generated a boilerplate report based on conclusory opinions supported by unfounded extrapolations. He made no attempt to account for alternative explanations for the effects at issue. His opinions were reached purely for the purposes of litigation, and his reliance on anecdotal evidence is readily apparent. His report and opinions are therefore unreliable and will not assist the trier of fact. His testimony should be excluded from the trial of this matter.

WHEREFORE, this Court should grant in its entirety Plaintiff Chavez's Motion in Limine to Exclude Opinions of Dr. Charles Bain as set forth above.

Respectfully submitted,

/s/ David J. Jaramillo
David J. Jaramillo
**GADDY | JARAMILLO | TOUCHET**
2025 San Pedro Dr., NE
Albuquerque, NM 87110
(505) 254-9090
david@gaddyfirm.com

-and-

Brady C. Pofahl
POFAHL LAW FIRM, P.C.
P.O. Box 3218
Albuquerque, NM 87190-3218
(505) 266-3434
brady@pofahlfirm.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2011, I filed the foregoing electronically through the CM/ECF system which caused the parties to be notified as more fully reflected on the Notice of Electronic Filing.

*/s/ David J. Jaramillo*
David J. Jaramillo