IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

        Plaintiff,

vs.                                            Civ. No. 10-CV-00004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

        Defendants.

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS OF DEFENDANT'S EXPERT WITNESS, C.E. TED BAIN

Plaintiff Herman Chavez hereby replies to Defendant Marten Transport, Ltd. And Steve Stamper's ("Defendants") Response in Opposition to Plaintiff's Motion to Compel Answers to Deposition Questions of Defendant's Expert Witness, C.E. Ted Bain and in support thereof states:

Defendants argue against allowing testimony from their expert regarding his income derived from representing defendants and his salary from his employer BRC or BRC's annual profits by stating that "Plaintiff tried his hardest to portray Dr. Bain as a "defense expert" during his deposition. Dr. Bain testified that he works 97%-98% of the time on the behalf of the defense. However, Dr. Bain stated that he would not characterize himself as a defense expert, and also testified that he has active plaintiff's cases." *See Defendants' Response (Doc. 119) at p. 5.* This is precisely why Plaintiff's are entitled to the testimony sought. The information Plaintiff seeks is directly relevant to the weight the jury should attribute to his testimony because it affects his credibility and bias.

1

In order to fully test the partiality of Defendants' expert and expose any bias he and his company may have, Plaintiff is allowed to discovery this legitimate impeachment material. Plaintiff is seeking discovery materials that are clearly relevant to the issues in this case. Notwithstanding this, Defendant has refused to allow Dr. Bain to give this relevant and discoverable information. The information sought is germane to the case and appropriately discoverable.

Other courts have compelled Dr. Bain and/or his company to produce financial records showing tens of millions of dollars of consulting fees paid to Dr. Bain's company by insurance and industry clients. *See Exhibit A (discovery responses showing billings).* Plaintiff is seeking this type of material and testimony. The discovery sought by Plaintiffs fits comfortably within the confines of Fed. R. Civ. P. 26(b), and all objections thereto should be overruled.

**WHEREFORE,** Plaintiff, pursuant to Fed.R.Civ.P., Rule 37(a), requests an order compelling Dr. C.E. Ted Bain to return for continuation of his deposition and to respond to the area of questioning not responded to, plus further deposition questioning, at the expense of Defendants and their counsel. The undersigned counsel requests an award of attorney's fees and costs in connection with this motion.

Respectfully Submitted By:

/s/ David J. Jaramillo
David J. Jaramillo
Gaddy | Jaramillo | Touchet
2025 San Pedro Dr., NE
Albuquerque, NM  87110
(505) 254-9090
david@gaddyfirm.com

-and-

                                      Brady C. Pofahl
                                      POFAHL LAW FIRM, P.C.
                                      P.O. Box 3218
                                      Albuquerque, NM 87190-3218
                                      (505) 266-3434
                                      brady@pofahlfirm.com

                                      *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2011, I filed the foregoing electronically through the CM/ECF system which caused the parties to be notified as more fully reflected on the Notice of Electronic Filing.

                                      */s/ David J. Jaramillo*
                                      David J. Jaramillo