IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

      Plaintiff,

v.                                                    CIV. 10-0004 MV/KBM

MARTEN TRANSPORT, LTD.,
a Wisconsin Corporation and
STEVE M. STAMPER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Answers to Deposition Questions of Defendant's Expert Witness [Doc. 118].

On June 7, 2011, Plaintiff deposed Dr. C.E. Ted Bain, an expert witness retained by Defendant Marten Transport.  Plaintiff's counsel inquired about Dr. Bain's income derived from representing defendants in an estimated 1,100 cases, his salary from his employer Biodynamic Research Corporation ("BRC"), and BRC's annual profit. He was also asked about the types of clients for whom he provides expert testimony and the percentage of work he does for defendants as opposed to plaintiffs.   Counsel for Defendant objected to the line of questioning as annoying, harassing, and beyond the scope of legitimate inquiry.  Plaintiff moves for a continuation of the deposition and an order from the Court requiring Dr. Bain to answer all financial questions put to him. Defendant opposes the Motion.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that in his expert report, the witness must include the following information: "(v) a list of all other

cases in which, during the previous four years, the witness testified as an expert at trial

or by deposition; and (vi) a statement of the compensation to be paid for the study and

testimony in the case."  Plaintiff seeks to go beyond these requirements to establish

bias on the part of Dr. Bain and to impeach Dr. Bain's statement that he does not

necessarily consider himself a defense expert.

A survey of cases which have addressed these and similar issues all agree that

an expert's potential bias is a proper subject of discovery.  *See, e.g.*, *Campos v. MTD*

*Products, Inc.*, 2009 WL 920337, *3-4 (M.D. Tenn. 2009) (unpublished decision)

(collecting cases.  As stated by the *Campos* court:,

> the concern remains that expert witnesses are, in effect, hired guns, who,
> while educated and experienced in the field, are willing and able to hire
> themselves out to the highest bidder to provide opinions in favor of the hiring
> party.  Such concerns have led courts to open the door to the opposing party
> to obtain information from experts beyond that provided in Rule (a)(2)(B),
> including financial information that would indicate their lack of impartiality and
> their bias in favor of the hiring party.

*Id*. at *2.

There exist legitimate concerns to limit such discovery, however.  The

compensation paid to the expert may seem "shockingly high" to an individual

inexperienced with the costs of litigation.  *See Behler v. Hanlon*, 199 F.R.D. 553, 561-

62 (D. Md. 2001).  Moreover, too much financial information might cause confusion and

create the appearance of bias where none exists.  *See id*.

The Court has reviewed the parties' submissions, considered the relevant case

law and the competing interests on both sides.  Accordingly, the Court finds that Dr.

Bain shall, in addition to the requirements imposed by Rule 26(a)(2)(B), disclose the following information:

1.    For the past five years, the percentage of expert testimony he has performed for defendants and for plaintiffs;

2.    The percentage of his income derived from being retained as an expert, but he is not required to list his total income from forensic work.

The Court will not require Dr. Bain to provide financial information about BRC, nor shall Dr. Bain be required to provide his personal  tax or other financial information. The information may be obtained in a deposition or by Dr. Bain's sworn statement. Because the Court's ruling is so limited, I find there is no need for a protective order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Answers to Deposition Questions of Defendant's Expert Witness [Doc. 118] is granted in part and denied in part as stated herein.

Karen B. Molzen
United States Chief Magistrate Judge