UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

        Plaintiff,

v.                                                  Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Opposed Motion to Exclude Sheriff Michael Lucero's Expert Opinion Testimony [Doc. 120].  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. Plaintiff claims that Defendant Steve Stamper, while driving a tractor-trailer owned by Defendant Marten Transport, Ltd., struck and injured Plaintiff Herman Chavez, as he was crossing the road with a concrete cutting machine.  Defendants deny Plaintiff's contentions.

Plaintiff intends to offer the testimony of Sheriff Michael R. Lucero, who responded to the scene and prepared an accident report.  In discovery, Plaintiffs identified Sheriff Lucero as an expert, and advised that he would testify regarding his "findings and conclusions," including his conclusion as to the cause of the accident.  Defendants filed the instant motion to: (1) exclude

Sheriff Lucero's expert testimony, on the grounds that Sheriff Lucero is not qualified to testify as an expert as to the cause of the accident, that any findings and conclusions he made are speculative, and that his testimony would invade the province of the jury, and (2) recover the costs of this motion.  Plaintiff opposes Defendant's motion.

## DISCUSSION

I.   Legal Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998).  Accordingly, the Federal Rules of Evidence apply here.

Rule 702 of the Federal Rules of Evidence "imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001) (citing *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993)).  In order to determine whether an expert's opinion is admissible, the Court must undergo a two-step analysis. *Ralston*, 275 F.3d at 969.  First, the Court must determine whether the expert is "qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Id.* (quoting Fed. R. Evid. 702).  Second, if the expert is so qualified, the Court must determine whether his opinions are reliable and relevant under the principles set forth in *Daubert*.  *Id.*

In terms of reliability, the Court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006).  The Supreme Court in *Daubert* listed four, non-exclusive factors that a trial court must consider in making its reliability assessment: (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a

known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94. The Court's gate-keeping function is ultimately to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 536 U.S. 137, 152 (1999).

If the reliability prong is met, the Court then must consider other non-exclusive factors to determine whether the testimony will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123.

Before Sheriff Lucero may testify, this Court must determine that (1) he is qualified to offer expert testimony; (2) he has employed sound methodology in forming his opinions; (3) the data upon which he relied in forming his opinions is reliable; and (4) his opinion testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Graves v. Toyota Motor Corp.*, No. 2:09 cv 169, 2011 WL 4590772, *5 (S.D. Miss. Sept. 30, 2011). The burden of establishing the admissibility of Sheriff Lucero's testimony falls on Plaintiff as the proponent of that expert testimony. *Ralston*, 275 F.3d at 970 n.4.

II. <u>Sheriff Lucero's Proposed Expert Testimony</u>

Sheriff Lucero was the investigating officer of the subject accident. Plaintiff intends to call Sheriff Lucero to testify regarding "his observations, investigations, and conclusions reached based upon his training and knowledge," including his conclusion that Defendant Stamper caused the accident by failing to yield the right of way to Plaintiff Chavez. Although Sheriff

Lucero has 13 years of law enforcement experience, he has never received any training in accident reconstruction, and candidly admits that he does not consider himself to be an accident reconstructionist.  Sheriff Lucero testified at his deposition that because he was not qualified to do accident reconstruction, he did not do so in this case; he has never testified before as an expert; and he had no awareness that Plaintiff intended to call him as an expert.

Plaintiff argues that Sheriff Lucero will not proffer an expert opinion relating to a "reconstruction" of the subject accident, but rather will offer only his "conclusions" as to why the collision between Stamper and Chavez occurred.  The Court does not find a meaningful distinction between an opinion "reconstructing" how the collision occurred and a "conclusion" as to how the collision occurred.  *Id.* at *7.  Plaintiff has not shown that Sheriff Lucero is "qualified by education, training or experience" to render an opinion on causation based on the evidence he observed at the scene of the accident.  *Id.*  Accordingly, while Sheriff Lucero certainly is qualified to testify as to what he observed at the scene, he is not qualified to testify as an expert as to any conclusions he reached as a result of observing that evidence.  *Id.*

Further, Sheriff Lucero was unable to explain in his deposition how he came to his conclusions as to the cause of the collision.  Plaintiff, too, has failed to identify the reasoning and methodology underlying Sheriff Lucero's conclusions, let alone any basis to determine that his methodology was sound.  In the absence of any evidence that Sheriff Lucero "collected or considered any empirical data" or "performe[d] any scientific analysis of any working hypothesis," *id.*, Sheriff's Lucero's conclusions are pure speculation.  This Court thus is unable to make certain, as it must, that Sheriff Lucero would "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho*, 526 U.S. at 152.  Accordingly, Sheriff Lucero's proposed testimony as to his conclusions

4

regarding the cause of the collision fail to meet the reliability test of *Daubert.*

In addition, the Court finds that Sheriff Lucero's testimony as to his findings and conclusions are equally inadmissible under Rule 701, which provides for opinion testimony by a lay witness.  Rule 701 "has been amended to eliminate the risk that the reliability requirements of Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  *Graves*, 2011 WL 4590772, at *9.  Under this amendment, "opinion testimony by a lay witness is properly excluded under the Rule if the opinion is more appropriately within the province of an expert witness."  *Id.*  Specifically applicable here, "[t]he reconstruction opinion testimony of law enforcement officers, who are not competent to testify as accident reconstructionists, violates the evidentiary standards of Rule 701."  *Id.* (citing *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002) ("As a general rule, police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701.").

Finally, Defendants have provided no basis for seeking costs in connection with their motion.  Accordingly, no costs will be awarded.

## CONCLUSION

Sheriff Lucero is not qualified as an expert, and his conclusions are not relevant and reliable under *Daubert*.  Further, his conclusions are not the proper subject of opinion testimony under Rule 701.  For these reasons, Sheriff Lucero's testimony as to his conclusions regarding the cause of the accident is inadmissible.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Exclude Sheriff Michael Lucero's Expert Opinion Testimony [Doc. 120] is **GRANTED**, as follows:  Sheriff Lucero will be permitted to testify as to his observations at the scene of the accident, but will not

be permitted to testify as to any opinions or conclusions he reached about what caused the collision between Stamper and Chavez; no costs will be awarded to Defendants in connection with bringing this motion.

DATED this 22nd day of March, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge