UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

       Plaintiff,

v.                                                       Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Opposed Motion to Exclude Plaintiff's Expert M. Brian McDonald, Ph.D [Doc. 122]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken in part will be GRANTED in part and DENIED in part.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. Plaintiff claims that Defendant Steve Stamper, while driving a tractor-trailer owned by Defendant Marten Transport, Ltd., struck and injured Plaintiff Herman Chavez, as he was crossing the road with a concrete cutting machine. Defendants deny Plaintiff's contentions.

Plaintiff intends to offer the testimony of economist M. Brian McDonald, Ph.D., to assist the trier of fact concerning the specialized knowledge of economists as to "hedonic damages." Defendants filed the instant motion to exclude McDonald's testimony, arguing that McDonald's

testimony fails to meet the reliability standard set forth in *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993).  Specifically, Defendants seek an order prohibiting McDonald from offering any opinion testimony at trial with respect to loss of enjoyment of life/hedonic damages in the personal injury claim of Chavez, or the value of Chavez's life from an economist's perspective.  Plaintiff opposes Defendant's motion.

## DISCUSSION

I.     Legal Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law."  *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998).  Accordingly, the Federal Rules of Evidence apply here.

Under Rule 702, the Court must determine whether proffered expert testimony is reliable.  Specifically, in *Daubert*, the Supreme Court held that Rule 702 requires that the trial court "ensure any scientific testimony offered under the rule is 'not only relevant, but reliable.'"  *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).  Thereafter, in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court "significantly clarified the scope of *Daubert*, holding the Rule 702 gatekeeping duties of the trial judge apply to all expert testimony, whether such testimony is based on scientific, technical or other specialized knowledge."  *Smith*, 214 F.3d at 1243.  Under *Kumho*, "the gatekeeping function is a flexible and common-sense undertaking in which the trial judge is granted 'broad latitude' in deciding both how to determine reliability as well as in the ultimate decision of whether the testimony is reliable."  *Smith*, 214 F.3d at 1243 (quoting *Kumho*, 526 U.S. at 141-42).  The purpose of the *Daubert* gatekeeping function is "to undertake whatever inquiry is necessary to 'make certain that an expert, whether basing testimony upon professional studies or

personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Smith*, 214 F.3d at 1243 (quoting *Kumho*, 526 U.S. at 152).

II.     Proposed Expert Testimony on Hedonic Damages

McDonald's report indicates that he intends to testify "regarding loss of enjoyment of life damages in the personal injury claim of Herman Chavez." Doc. 123-1, at 4. McDonald indicates that he will not provide an "opinion concerning the specific dollar amount of loss of enjoyment of life damages for Herman Chavez." *Id.* Rather, he proposes to offer testimony on the following three topics: (1) an economist's interpretation of the concept and meaning of hedonic damages; (2) the broad areas of human experience to consider in determining hedonic damages for a particular plaintiff, including how he spent leisure time and whether he participated in recreational activities, hobbies, or community activities; and (3) "the well accepted, peer-reviewed economic research on the value of a statistical life, which places a reasonable range of the value of a statistical life in the United States at $5.0 million to $6.0 million in today's dollars, based upon [his] own review of the depth and breadth of the published economic research on the value of a statistical life." *Id.* The Court will admit McDonald's testimony on the first two of these topics, but will exclude his testimony on the third topic.

In *Smith*, the Tenth Circuit upheld the district court's admission of an economist's expert testimony "as to the definition of loss of enjoyment of life, and as to what he considered in valuing the loss of enjoyment of life, namely, "the effect the injury has on 'the ability to enjoy the occupation of your choice,' 'activities of daily living,' 'social leisure activities,' and 'internal well-being.'" 214 F.3d at 1245. The Court explained that, in admitting this testimony, the district court had properly noted that "New Mexico state law permits both the recovery of

-3-

hedonic damages and allows 'an economist to testify regarding his or her opinion concerning the economic value of a plaintiff's loss of enjoyment of life.'" *Id.* at 1246.  The Court further found that the district court had "made an appropriate decision regarding reliability, . . . allowing an explanation adequate to insure the jury did not ignore a component of damages allowable under state law." *Id.*  Finally, the Court found that the economist did not provide impermissible testimony on an ultimate question of law, as he "did no more than explain his interpretation of the meaning of hedonic damages and offer four broad areas of human experience which he would consider in determining those damages." *Id.*  This is precisely the sort of testimony described in the first two topics listed in McDonald's report.  Accordingly, to the extent that Plaintiff plans to offer McDonald's testimony as to his interpretation of the concept and meaning of hedonic damages, and as to the areas of experience which should be considered in determining those damages, his testimony is admissible.

On the other hand, McDonald's proposed testimony regarding the value of an average statistical life in the United States is precisely the sort of testimony on "the quantification of life" that "[f]ederal courts have frequently rejected."  *Cruz v. Bridgestone/Firestone N. Am. Tire, LLC*, No. Civ. 06-538, 2008 WL 5598439, *4 (D.N.M. Aug. 29, 2008) (discussing virtually identical testimony by McDonald as that proposed here).  "The majority rule in federal courts . . . is that expert testimony which places a *dollar figure* before the jury in an attempt to *quantify* the value of a human life is inadmissible and does not meet the relevance and reliability factors set forth in *Daubert* and its progeny."  *BNSF Rwy. Co. v. LaFarge Sw., Inc.*, Civ. No. 06-1076, 2009 WL 4279849, *2 (D.N.M. Feb. 9, 2009) (emphasis in original).  In *Smith*, because the district court had excluded any testimony purporting to quantify hedonic damages, the Tenth Circuit was not required to determine the admissibility of such testimony.  214 F.3d at 1245.  Nonetheless,

the Court specifically noted that "[t]he theory of hedonic damages becomes highly controversial when one attempts to monetize that portion of the value of life which is not captured by measures of economic productivity." *Id.* The Court further noted:

> Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissible.

*Id.* (summarizing federal cases rejecting hedonic damages). The Court is persuaded by this precedent that:

> The underlying methodology used to arrive at such quantitative measurements of the value of human life does not meet the relevance and reliability requirements of *Daubert* and its progeny and will not assist the jury, regardless of whether the figure, formula, or "range of values" in question is assigned to a specific decedent, a hypothetical individual, a statistical person, or a generic benchmark or guideline.

*BNSF Rwy.*, 2009 WL 4279848, at * 2. Accordingly, to the extent that Plaintiff plans to offer McDonald's testimony as to a quantitative measurement of hedonic damages, or a range of the value of a statistical life, his testimony is inadmissible.

## CONCLUSION

The first two topics as to which McDonald proposes to offer testimony are admissible; the third is not.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Exclude Plaintiff's Expert M. Brian McDonald, Ph.D [Doc. 122] is **GRANTED** in part and **DENIED** in part, as follows: McDonald will be permitted to testify at trial as to the concept and meaning of hedonic damages, and the areas of experience that should be considered in determining those damages for Chavez, but will not be permitted to testify at trial as to the value of a statistical life,

or the range of the value of a statistical life in the United States, or otherwise present the jury with a quantitative measurement of hedonic damages.

DATED this 22nd day of March, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge