UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Herman J. Chavez's Motion in Limine to Exclude Opinions of Dr. Charles Bain as Inadmissible Under the Rules of Evidence and Daubert [Doc. 125]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be DENIED.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. Plaintiff claims that Defendant Steve Stamper, while driving a tractor-trailer owned by Defendant Marten Transport, Ltd., struck and injured Plaintiff Herman Chavez, as he was crossing the road with a concrete cutting machine. Defendants deny Plaintiff's contentions. Defendants intend to offer the testimony of Dr. Charles Bain as to "his findings and his opinion of Plaintiff's injuries and liability regarding the incident of December 8, 2006." Plaintiff filed the instant motion to exclude Dr. Bain's expert testimony, on the grounds that his report states

1

opinions that are irrelevant, unreliable, and will not aid the trier of fact in resolving the factual issues in this matter. Defendants oppose Plaintiff's motion.

## DISCUSSION

I.   Legal Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998). Accordingly, the Federal Rules of Evidence apply here.

Rule 702 of the Federal Rules of Evidence "imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001) (citing *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993)). In order to determine whether an expert's opinion is admissible, the Court must undergo a two-step analysis. *Ralston*, 275 F.3d at 969. First, the Court must determine whether the expert is "qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Id.* (quoting Fed. R. Evid. 702). Second, if the expert is so qualified, the Court must determine whether his opinions are reliable and relevant under the principles set forth in *Daubert*. *Id.*

In terms of reliability, the Court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). The Supreme Court in *Daubert* listed four, non-exclusive factors that a trial court must consider in making its reliability assessment: (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's

operation; and (4) whether the theory has been accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94.  The Court's gate-keeping function is ultimately to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co. v. Carmichael*, 536 U.S. 137, 152 (1999).

If the reliability prong is met, the Court then must consider other non-exclusive factors to determine whether the testimony will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility.  *Rodriguez-Felix*, 450 F.3d at 1123.

Defendants, as the proponents of Dr. Bain's testimony, have the burden of establishing its admissibility.  *Ralston*, 275 F.3d at 970 n.4.  "However, the Court is also mindful that under *Daubert*, a disagreement with the expert's conclusion is not grounds for exclusion."  *North v. Ford Motor Co.*, 505 F. Supp. 2d 1113, 1118 (D. Utah 2007).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 596).  Similarly, "doubts regarding whether an expert's testimony will be useful should generally be resolved in favor  of admissibility."  *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998).

II.     Dr. Bain's Proposed Expert Testimony

Defendants retained Dr. Bain, an expert in biomechanics, accident reconstruction and injury causation analysis to provide an expert opinion in biomechanics, and as to whether the forces involved in the subject accident were sufficient to cause Plaintiff's injuries. "Accident reconstruction is a concept that is generally accepted by the community, and [Dr. Bain] is []qualified as an accident reconstructionist, which Plaintiffs [do not] dispute." *Munroe v. U.S. Xpress, Inc.*, No. CIV 06-4103, 2007 WL 2476763, *1 (D.S.D. Aug. 27, 2007). Rather, Plaintiffs argues that Dr. Bain's methodology was faulty because he relied on photographs and epidemiological studies for his conclusions, and did not review Plaintiff's MRI until the morning of his deposition. Plaintiff further argues that Dr. Bain's opinions as to the cause of the accident and the cause of Plaintiff's injury improperly state a legal conclusion.

Under Rule 703, "there are three methods by which an expert may learn facts in order to reach an opinion." *Ramsey v. Culpepper*, 738 F.3d 1092, 1101 (10th Cir. 1984). Under the third method, "the expert may rely on facts outside the record and not personally observed, but of the kind that experts in his or her field reasonably rely in forming opinions." *Id.* Here, Dr. Bain's report demonstrates that he based his opinion on his review of the following information: depositions taken in this case, the accident report, Plaintiff's medical records, Plaintiff's worker's compensation complaint, the parties' expert reports, the medical evaluation performed by Plaintiff's medical expert, and Plaintiff's radiological films, including MRI films of the cervical spine and lumbar spine. Courts have held these types of materials to be an appropriate foundation for expert opinions about how a plaintiff received injuries and in reconstructing an accident scene. *See Miles v. Gen. Motors. Corp.*, 262 F.3d 720, 724 (8th Cir.2001) (testimony

4

properly based on expert's review of police report, photographs of scene, plaintiff's medical records, plaintiff's radiology reports, witness statements and depositions, and medical literature); *Paine v. Johnson*, No. 06C 3173, 2010 WL 749857 (N.D. Ill. Feb. 25, 2010) (expert's accident reconstruction properly based upon traffic collision report, and photographs of vehicle after accident and accident site); *North*, 505 F. Supp. 2d at 1118 (accident scene photographs and measurements taken by highway patrol at scene were sufficient basis for accident reconstruction opinion "such that it is not mere speculation and guesswork and, thus, meets the *Daubert* standard for admission"). The fact that Dr. Bain "did not conduct the reconstruction in the manner in which [Plaintiff] found most suitable does not render [Dr. Bain's] methodology fallible." *Miles*, 262 F.3d at 724. Indeed, the Tenth Circuit has specifically held that "an accident reconstruction expert is not required to conduct independent tests before an opinion on causation is admissible." *Werth v. Makuta Elec. Works, Ltd.*, 950 F.3d 643, 650 (10th Cir. 1991). Rather, the Rules of Evidence "clearly contemplate an 'opinion,' and not only a recitation of facts observed from independent testing." *Id.* at 651.

Moreover, Plaintiff's challenge to Dr. Bain's methodology "goes to the weight that the jury accords the testimony rather than to its admissibility." *Miles*, 262 F.3d at 724. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination." *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 970 (8th Cir. 1996); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) ("[T]he weaknesses in the data upon which [the] expert relied go to the weight the jury should have given her opinions, they did not render her testimony too speculative as a matter of law."); *Werth*, 950 F2d

5

at 650 (An "expert's failure to conduct independent tests went only 'to the weight which the trial of fact should accord the evidence.'");   Accordingly, Plaintiff's "criticism of [Dr. Bain's] testimony is the proper subject for a thorough cross-examination and not the basis for the absolute exclusion of [his] testimony.  *Miles*, 262 F.3d at 724.

     Finally, Dr. Bain's testimony is admissible even though it expresses his opinion on the cause of the subject accident and Plaintiff's injuries.  *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1557 (10th Cir. 1987).  The Tenth Circuit has held that "expert testimony on causation 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'"  *Werth*, 950 F.3d at 648 (quoting *Ponder*, 834 F.3d at 1557); *Smith v. Ingersoll-Rand* Co., 214 F.3d 1235, 1246 (10th Cir. 2000) (rule that witness may not "define the law of the case" is not "a per se bar on any expert testimony which happens to touch on the law; an expert may be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms"); *A.E. v. Indep. Sch. Dist. No. 25, of Adair County, Okl.*, 936 F.3d 472, 476 (10th Cir. 1991) ("Fed. R. Evid. 704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact.").  The Court thus will allow Dr. Bain to testify as to the cause of the accident and  the cause of Plaintiff's injuries.

## CONCLUSION

     Dr. Bain is qualified as an accident reconstruction expert.  His opinions are reliable and relevant under *Daubert*.  Accordingly, his testimony regarding the cause of the subject accident and the cause of Plaintiff's injuries is admissible.

**IT IS THEREFORE ORDERED** that Plaintiff Herman J. Chavez's Motion in Limine to Exclude Opinions of Dr. Charles Bain as Inadmissible Under the Rules of Evidence and Daubert [Doc. 125] is **DENIED.**

DATED this 22nd day of March, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge