UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

      Plaintiff,

v.                                                 Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Herman J. Chavez's Amended Motion for Partial Summary Judgment as to Liability of Defendants Steve M. Stamper and Marten Transport, LTD [Doc. 126]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be DENIED.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. The undisputed facts relevant to this motion are as follows. At the time of the accident, Defendant Steve Stamper was driving a Marten Transport Ltd. ("Marten") tractor-trailer, and Plaintiff Herman Chavez was working in the construction zone with a concrete cutting machine, or slab cutter, wearing a fluorescent construction vest. Doc. 126 at 3. Stamper stopped the tractor-

trailer when another construction worker, Mario Sepulveda, walked out in the middle of the road about 150 yards ahead of him, and made a "stop" hand gesture. Doc. 134 at 3. Chavez, with the concrete cutting machine, crossed the road in front of Stamper's tractor-trailer. Doc. 126 at 3. After Chavez crossed the road, Stamper lost sight of Chavez. *Id.* Assuming that Chavez was clear of his truck, Stamper looked in his left mirror and began pulling out. *Id.* After moving three to six feet forward, Stamper heard a thump. *Id.* at 4. Through his right hand mirror, he observed that the concrete cutting machine had been tipped over. *Id.* Stamper, however, did not see the impact between his tractor-trailer and the concrete cutting machine. *Id.* The tractor-trailer continued an additional 30 to 35 feet after the impact with the concrete cutting machine. *Id.*

J.T. Hayes, an accident reconstructionist, testified under oath that Chavez backed up the concrete cutting machine and engaged the right side paneling of the truck with one of the handlebars. Doc. 134-2. Hayes further testified that the point of impact between the concrete cutting machine and the tractor-trailer was approximately 11.5 feet from the front nose of the tractor. *Id.* Finally, Hayes testified that the forward motion of the tractor-trailer caused the concrete cutting machine to tip over. Doc. 126 at 4.

On November 3, 2010, Plaintiff filed his First Amended Complaint for Personal Injuries and Damages [Doc. 61]. Count Two of the Complaint sets forth a negligence claim against Stamper. Specifically, Plaintiff alleges that Stamper "breached his duty to exercise ordinary care in the operation of his vehicle by failing to yield to other traffic, thereby causing his semi truck to hit the concrete cutting machine that Plaintiff was attempting to move." Doc. 61, ¶ 17. Plaintiff further alleges that as a direct and proximate result of this breach, he "suffered personal injuries and damages." *Id.* at ¶ 18. Count Three of the Complaint sets forth a claim of

respondent superior against Marten, alleging that Marten is vicariously liable for the actions of Stamper, because Stamper was acting within the course and scope of his employment with Martin at the time of the accident. *Id.* at ¶ 24.

On July 26, 2011, Plaintiff filed the instant motion for summary judgment on his claim of negligence against Stamper and his claim of respondent superior against Marten (Counts Two and Three). In support of his motion, Plaintiff argues that the undisputed facts establish as a matter of law that Stamper breached his duty of care, and that Stamper's breach of duty was a proximate cause of Chavez's injuries. Defendants oppose Plaintiff's motion on the ground that, because there is a dispute as to the cause of the accident, genuine issues of fact remain as to both the issue of breach of duty and the issue of proximate cause.

## **DISCUSSION**

I.     Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Jones v. Kodak Medical Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir.

1993).  There is no requirement that the moving party negate the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party meets its burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citations omitted).  Rather than "merely show there is some metaphysical doubt as to the material facts," the nonmoving party is required to "go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).  There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *See Anderson*, 477 U.S. at 248.  Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus*, 985 F. Supp. at 1281.

II.     Genuine Issues of Fact Remain as to Stamper's Negligence

The general rule in New Mexico is that "a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 73 P.3d 181, 185-86 (N.M. 2003).  "Negligence is generally a question of fact for the jury." *Id.*  While the initial inquiry as to "[w]hether a duty exists is a question of law for the courts to decide," *id.* at 186, the "question of breach . . . is a factual one that is typically left to a jury, except in rare cases where the evidence is susceptible to only one possible inference." *Carl v. City of Overland Park, Kan.*, 65 F.3d 866, 869 (10th Cir.

1995). Similarly, "with few exceptions, proximate cause is a question of fact to be determined by the fact finder." *Lerma v. State Hwy. Dep't of N.M.*, 877 P.2d 1085, 1087-88 (N.M. 1994). "The only time that this is not true is "when facts regarding causation are undisputed and all reasonable inferences therefrom are plain, consistent, and uncontradictory." *Id.* at 1088.

      This is not one of the rare cases where the evidence is susceptible to only one possible inference, or where the facts regarding causation are undisputed. The undisputed facts establish that, after stopping in accordance with Sepulveda's hand signal and watching Chavez cross the road, Stamper began moving again without first having sight of Chavez. The undisputed facts further establish that Stamper's tractor-trailer and Chavez's concrete cutting machine collided, and while the two were still connected, Stamper drove an additional 30 to 35 feet. These facts, however, do not definitively establish the cause of the accident, and are equally susceptible to the two different inferences presented by each party. Specifically, Plaintiff argues that Stamper hit the concrete cutting machine, while Defendants argue (and an expert testified) that Chavez backed up the concrete cutting machine into the tractor-trailer. Although the parties seem to agree that the forward motion of the tractor-trailer *after* the moment of impact, while the tractor-trailer and the concrete cutting machine were still stuck together, caused the concrete cutting machine to tip over, this fact is not relevant to how the accident itself was caused.

      Further, the only evidence presented by Plaintiff to support his theory that Stamper breached a duty of care is his allegation that Stamper was cited by law enforcement for failure to yield. Doc. 126 at 4. Defendants, however, dispute the allegation that Stamper failed to yield. The factual dispute between the parties as to whether Stamper failed to yield is material to the outcome of this case. Accordingly, the question of whether Stamper breached his duty of care must be left to the jury. Similarly, because there is a factual dispute between the parties as to

who caused the accident, and by what action, the proximate cause of Chavez's injuries is a question of fact to be determined by the fact finder.

## CONCLUSION

Genuine issues of material fact remain for trial as to whether Stamper breached his duty of care and/or proximately caused Chavez's injuries. Accordingly, it would not be appropriate for the Court to grant summary judgment in favor of Plaintiff on his claim of negligence against Stamper (Count Two) and his claim of respondeat superior against Marten (Count Three).

**IT IS THEREFORE ORDERED** that Plaintiff Herman J. Chavez's Amended Motion for Partial Summary Judgment as to Liability of Defendants Steve M. Stamper and Marten Transport, LTD [Doc. 126] is **DENIED**.

DATED this 22nd day of March, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge