UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

    Plaintiff,

v.                                                        Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Opposed Motion in Limine to Exclude Plaintiff's Expert, Thomas G. Grace, M.D. [Doc. 157]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be DENIED.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. Plaintiff claims that Defendant Steve Stamper, while driving a tractor-trailer owned by Defendant Marten Transport, Ltd., struck and injured Plaintiff Herman Chavez, as he was crossing the road with a concrete cutting machine. Defendants deny Plaintiff's contentions.

In his report, Dr. Thomas G. Grace, M.D., states his opinion that Plaintiff's "injury of December 8, 2006 both represents a new soft tissue injury as well as an aggravation of

1

preexisting degenerative disc condition." Doc. 158-1 at 12. Defendants filed the instant motion to prohibit Dr. Grace from offering any opinion testimony at trial with respect to the causes and extent of Plaintiff's injuries, on the ground that Dr. Grace's opinions do not prove with reasonable certainty the extent of Plaintiff's aggravation, and thus do not have an adequate factual basis or meet his evidentiary burden. Plaintiff opposes Defendants' motion.

## DISCUSSION

### I. Legal Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998). Accordingly, the Federal Rules of Evidence apply here.

Rule 702 of the Federal Rules of Evidence "imposes upon the trial judge an important 'gate-keeping' function with regard to the admissibility of expert opinions." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001) (citing *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993)). In order to determine whether an expert's opinion is admissible, the Court must undergo a two-step analysis. *Ralston*, 275 F.3d at 969. First, the Court must determine whether the expert is "qualified by 'knowledge, skill, experience, training, or education' to render an opinion." *Id.* (quoting Fed. R. Evid. 702). Second, if the expert is so qualified, the Court must determine whether his opinions are reliable and relevant under the principles set forth in *Daubert*. *Id.*

In terms of reliability, the Court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006).

The Supreme Court in *Daubert* listed four, non-exclusive factors that a trial court must consider in making its reliability assessment: (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94.  The Court's gate-keeping function is ultimately to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 536 U.S. 137, 152 (1999).

If the reliability prong is met, the Court then must consider other non-exclusive factors to determine whether the testimony will assist the trier of fact: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix*, 450 F.3d at 1123.

Plaintiff, as the proponent of Dr. Grace's testimony, has the burden of establishing its admissibility. *Ralston*, 275 F.3d at 970 n.4.  "However, the Court is also mindful that under *Daubert*, a disagreement with the expert's conclusion is not grounds for exclusion." *North v. Ford Motor Co.*, 505 F. Supp. 2d 1113, 1118 (D. Utah 2007).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 596).  Similarly, "doubts regarding whether an expert's testimony will be useful should

generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998).

      II.      <u>Dr. Grace's Proposed Expert Testimony</u>

Defendants do not challenge Dr. Grace's qualifications as an expert, or the relevance or reliability of his opinions. Rather, Defendants contend that, because Dr. Grace is unable to state with reasonable certainty the extent to which the accident at issue here aggravated Plaintiff's preexisting injury, his testimony lacks a proper factual basis, and would fail to assist the jury in apportioning Plaintiff's injury.

The Tenth Circuit, however, has rejected the argument "that there must be expert testimony precisely apportioning the injury on a percentage basis between preexisting conditions and prior accidents." *Sauer v. Burlington N. RR. Co.*, 106 F.3d 1490, 1494 (10th Cir. 1997). Specifically, the Tenth Circuit held: "The extent to which an injury is attributable to a preexisting condition or prior accident need not be proved with mathematical precision or great exactitude." *Id.* Rather, "[t]he evidence need only be sufficient to permit a rough practical apportionment." *Id.* Further, "where there is evidence that defendant's negligence aggravated a preexisting condition but expert testimony does not precisely apportion the injury, apportionment is an issue for the jury."

Here, Dr. Grace opined that, prior to the subject accident, Plaintiff's preexisting cervical disc disease was "clinically asymptomatic." Doc. 168-1 at 12. Dr. Grace later supplemented his report, stating that x-rays taken three days after the subject accident revealed "subluxation at C4-5 level suggestive of a 'perched' or dislocated facet joint." Doc. 168-3 at 1. Dr. Grace further explained that his review of the x-rays "reinforce[d] that [Plaintiff] did sustain significant

4

aggravation or worsening of his pre-existing cervical spine condition." *Id.*  Dr. Grace also testified in his deposition that Plaintiff's injury was "substantially worse" after the subject accident.  Doc. 168-2 at 102:1-7.  The Court finds that opinion testimony by Dr. Grace consistent with his reports and his deposition testimony would be sufficient to permit the jury to make "a rough practical apportionment" of Plaintiff's injury.  *Sauer*, 106 F.3d at 1494.

Moreover, Defendants' challenge to Dr. Grace's testimony "goes to the weight that the jury accords the testimony rather than to its admissibility." *Miles v. Gen. Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001).  "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross examination."  *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 970 (8th Cir. 1996); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995) ("[T]he weaknesses in the data upon which [the] expert relied go to the weight the jury should have given her opinions, they did not render her testimony too speculative as a matter of law.").  Accordingly, Plaintiff's "criticism of [Dr. Grace's] testimony is the proper subject for a thorough cross-examination and not the basis for the absolute exclusion of [his] testimony."  *Miles*, 262 F.3d at 724.

## CONCLUSION

Dr. Grace's testimony regarding the aggravation of Plaintiff's preexisting injury is sufficient to permit the jury to make a rough practical apportionment of Plaintiff's injury.  Any weakness in the factual basis for his opinion goes to the credibility of his testimony, and is properly subject to cross-examination rather than exclusion.  Accordingly, his testimony is admissible.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion in Limine to Exclude Plaintiff's Expert, Thomas G. Grace, M.D. [Doc. 157] is **DENIED.**

DATED this 2nd day of May, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge