UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

HERMAN J. CHAVEZ,

       Plaintiff,

v.                                                             Civ. No. 10-0004 MV/RLP

MARTEN TRANSPORT, LTD., a
Wisconsin Corporation, and
STEVE M. STAMPER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion in Limine to Exclude Accident Investigation Report [Doc. 159]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be DENIED.

## BACKGROUND

This action arises out of an accident on or about December 8, 2006, in a construction zone on U.S. Highway 54 at the intersection of Lois Lane near Santa Rosa, New Mexico. Plaintiff claims that Defendant Steve Stamper, while driving a tractor-trailer owned by Defendant Marten Transport, Ltd. ("Marten"), struck and injured Plaintiff Herman Chavez, as he was crossing the road with a concrete cutting machine. Defendants deny Plaintiff's contentions.

In response to the accident, Marten conducted an investigation into the accident, and issued a report finding that the accident was "preventable." Defendants filed the instant motion

to exclude from evidence the accident investigation report, in addition to any oral representations that the accident was deemed preventable. Plaintiff opposes Defendants' motion.

## DISCUSSION

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998). Accordingly, the Federal Rules of Evidence apply here.

Defendants argue that the accident report is inadmissible for four reasons: (1) its probative value is outweighed by its prejudicial effect, and thus is inadmissible under Rule 403 of the Federal Rules of Evidence; (2) it is a subsequent remedial measure under Rule 407 of the Federal Rules of Evidence; (3) it is protected under the "self-critical analysis" privilege; and (4) it qualifies as a report made in compliance with law. The Court is not persuaded that the accident report is inadmissible on any of these bases.

I.    Rule 403

Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or waste of time. Fed. R. Evid. 403. Here, Defendants argue that because Marten's internal standards are not the same as the legal standard to which Defendants will be held at trial, the jury is likely to confuse the two standards and place undue weight on Marten's finding.[1] Defendants, however, fail to identify the standard it used in reaching its preventability determination, or to explain how the standard applied in the accident report differs from the legal standard of negligence. Accordingly, Defendants have failed to establish the factual predicate

---

[1] Defendants further refer to "reasons outlined below" to support their argument of unfair prejudice. Doc. 158 at 2. The Court, however, did not find any such reasons described in the remainder of Defendants' memorandum.

for their argument.  Further, even if Marten's standard for preventability is different from that of negligence under New Mexico law, "[D]efendants will be able to fully explore this issue through cross-examination and argument." *Kansky v. Showman*, No. 3:09cv1863, 2011 WL 1362245, *5 (M.D. Pa. Apr. 11, 2011).  Any potential misunderstanding by the jury as to the significance of the findings in the report thus "can be adequately addressed on cross-examination and/or in the jury instructions." *Ferguson v. Brower*, No. 04-CV-874, 2006 WL 964796, *2 (N.D. Okla. Apr. 12, 2006).

      II.     Rule 407

Rule 407 provides in relevant part that "when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of subsequent measures is not admissible to prove negligence [or] culpable conduct."  Fed. R. Evid. 407.  Rule 407 reflects "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."  Advisory Committee's Notes, Fed. R. Evid. 407.  Defendants argue that Marten's accident report constitutes evidence of subsequent remedial measures under Rule 407, and that "there is a strong public policy reason for excluding the accident investigation report, oral representations to the same, and the termination of Defendant Stamper."  Doc. 158 at 3.

The Tenth Circuit, however, has specifically held that "[i]t would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports." *Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron*, 805 F.2d 907, 918 (10th Cir. 1986).  The Court explained that, while "[i]t might be possible in rare situations to characterize such reports as 'measures' which, if conducted previously, would reduce the likelihood of the occurrence, . . . it is usually sounder to recognize that such tests are conducted

for the purpose of investigating the occurrence to discover what might have gone wrong or right." *Id.* The Court further explained that remedial measures, on the other hand, "are those actions taken to remedy any flaws or failures indicated by the test." *Id.* Finally, the Court noted that in the case before it, the remedial measure taken was the subsequent redesign of a trunnion, and all references to the redesign were properly excluded at trial. *Id.*

Under this precedent, Marten's accident report, conducted for the purpose of investigating the subject accident to discover "what might have gone wrong or right," is not an inadmissible remedial measure under Rule 407. Rather, the "remedial measure" taken to address the "failure" indicated by the investigation was the subsequent termination of Stamper. Accordingly, evidence of Stamper's termination would be inadmissible under Rule 407. Indeed, courts routinely exclude under Rule 407 "evidence that an employer subsequently discharged an employee accused of causing a plaintiff's injury." *Nolan v. Memphis City Schs.*, 589 F.3d 257, 274 (6th Cir. 2009); *see also Wanke v. Lynn's Transp. Co.*, 836 F. Supp. 587 (N.D. Ind. 1993) (Rule 407 "encompasses post-event dismissal or discipline of an employee responsible for the event") (citing *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 586 (10th Cir. 1987); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986)). The Court sees no reason why it would diverge from that precedent here.

Defendants' motion, however, despite noting once that there is a "strong public policy reason" for excluding evidence of Stamper's termination, does not actually seek exclusion of such evidence. Accordingly, if Defendants do in fact seek to exclude evidence of Stamper's termination, they should make the appropriate objection at trial.

      III.      <u>Self-Critical Analysis Privilege</u>

Defendants argue that Marten's accident report is protected under the "self-critical analysis" privilege. As an initial matter, the Court notes that the self-critical analysis (or "critical self-analysis") doctrine protects information from *discovery*, rather than from admission at trial. *Granger v. Nat'l R.R. Passenger Corp.*, 116 F.R.D. 507, 508 (E.D. Pa. 1987). According to Plaintiff, Defendants, without attempting to invoke any privilege, produced Marten's accident report to Plaintiff in the course of discovery between the parties. Doc. 169 at 7. Defendants' production of the document thus waived any privilege Defendants might have held.

Indeed, even if Defendants were able to invoke the self-critical analysis privilege at this juncture, Defendants have failed to carry their burden of showing that the privilege should apply in this case. In the context of a tort case, courts have held that the self-critical analysis privilege may only attach if the party asserting the privilege shows: (1) the information sought resulted from a critical self-analysis undertaken by the party seeking protection; (2) the public has a strong interest in preserving the free flow of the type of information sought; (3) the information is of the type whose flow would be curtailed if discovery were allowed; and (4) the document was prepared with the expectation that it would be kept confidential, and has in fact been kept confidential. *Morgan v. Union Pac. R.R. Co.*, 182 F.R.D. 261, 266 (N.D. Ill. 1998). Here, Defendants have failed to demonstrate either that Marten generated the accident report with the expectation that it would be kept confidential, or that Marten in fact kept it confidential. "Without a sufficient showing that [Marten] intended the report[] to be confidential and did in fact preserve [its] confidentiality, the court will not afford [it] the privilege of self-critical analysis." *Id.*

Further, the self-critical analysis privilege would not protect the very information that Defendants seek to exclude, namely that the accident was deemed "preventable." "Courts that enforce the self-critical analysis privilege only protect subjective opinions or impressions rather than objective facts . . . including those facts related to the cause or circumstances of [an] accident." *Id.*; *see also Granger*, 116 F.R.D. at 510 (holding that, in a negligence case where plaintiff has the burden of proving that his injury resulted at least in part from defendant's negligence, those portions of an accident report that discuss the cause and contributing factors of an accident are discoverable).

    IV.    <u>Report Required by Law</u>

Defendants argue that Marten's accident report is inadmissible under 49 U.S.C. Section 504(f), which provides: "No part of a report of an accident occurring in operation of a motor carrier . . . and required by the Secretary [of Transportation], and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation." Defendants, however, fail to establish either that the accident report itself was "required" by the Secretary of Transportation, or that the accident report was "made by the Secretary." Rather, Defendants contend that, because there first must be an investigation by the motor carrier in order to make a report to the Secretary, Marten's accident investigation committee's determination should be deemed to be "a part of the report required by the Secretary." Doc. 158 at 4. Defendants provide no authority for this interpretation of the statute, which is contrary to its plain language. Under the plain language of the statute, Marten's accident report is not inadmissible as a report required by or made by the Secretary of Transportation.

## CONCLUSION

Defendants have failed to establish that Marten's accident report, or the findings therein regarding the preventability of the subject action, are inadmissible for any of the reasons set forth in support of their motion to exclude such evidence from admission at trial.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine to Exclude Accident Investigation Report [Doc. 159] is **DENIED.**

DATED this 2nd day of May, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge